IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sayvion Vanover,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Curtis McCray; Corey Scott; John Doe; Jane Doe,<br><br>　　　　　　Defendants.<br>_____ | Civil Action No. 8:22-cv-1503-BHH<br><br>**ORDER** |

This matter is before the Court upon Plaintiff Sayvion Vanover's ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. On September 23, 2022, Defendant Corey Scott ("Defendant" or "Scott") filed a motion for summary judgment, and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On April 6, 2023, Magistrate Judge Jacquelyn D. Austin issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Defendant's motion without prejudice and with leave to re-file. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to

which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 46), and the Court denies Defendant's motion for summary judgment (ECF No. 22) without prejudice and with leave to re-file.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

May 2, 2023
Charleston, South Carolina